# FILED

January 8 2010

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

## IN THE SUPREME COURT OF THE STATE OF MONTANA

### AF 09-0688

IN RE THE PETITION AND
MEMORANDUM IN SUPPORT OF
REVISION OF RULES OF
PROFESSIONAL CONDUCT ON
ADVERTISING



ORDER

On November 30, 2009, the Trustees of the State Bar of Montana and the Ethics Committee (Petitioners) filed the petition and memorandum in support of revision of rules of professional conduct on advertising.

After consideration of the proposed amendments the Court has determined that the bench and bar of the State of Montana should be provided an opportunity to comment thereon.

IT IS THEREFORE ORDERED that all members of the bench and bar of Montana and any other interested persons are granted ninety days from the date of this order in which to file with the Clerk of this Court appropriate comments and/or suggestions to the attached Proposed Revision of Rules of Professional Conduct on Advertising.

IT IS FURTHER ORDERED that the Proposed Revision of Rules of Professional Conduct on Advertising in their entirety shall be posted on the websites of the Montana State Law Library and the State Bar of Montana. The State Bar of Montana is further requested to give notice of this Order and of its website posting of the Proposed Revisions in the next available issue of *The Montana Lawyer*.

IT IS FURTHER ORDERED that the Clerk of this Court shall provide to each District Court Judge, each Clerk of the District Court, Montana State Law Library and the State Bar of Montana a copy of this order with attached proposed revisions with a request that each Clerk of the District Court make the order available for public review in the Office of the Clerk of the District Court.

1

DATED this 5th day of January, 2010.

_____
Chief Justice

_____

_____

_____

_____
Justices

2

# Exhibit A

Rule 7.1 Communications Concerning a Lawyer's Services.

A lawyer shall not make a false or misleading communication about the lawyer or the lawyer's services. A communication is false ~~or misleading~~ if it contains a material misrepresentation of fact or law. ~~;~~ A misleading communication includes, but is not limited to those that (a) omits a fact as a result of which ~~necessary to make~~ the statement considered as a whole ~~not~~ is materially misleading; ~~;~~
(b) is likely to create an unjustified expectation about results the lawyer can achieve;
(c) proclaims results obtained on behalf of clients, such as the amount of a damage award or the lawyer's record in obtaining favorable verdicts or settlements, without stating that past results afford no guarantee of future results and that every case is different and must be judged on its own merits;
(d) states or implies that the lawyer can achieve results by means that violate the Rules of Professional Conduct or other law;
(e) compares the quality of a lawyer's or a law firm's services with other lawyers' services, unless the comparison can be factually substantiated;
(f) advertises for a specific type of case concerning which the lawyer has neither experience nor competence;
(g) indicates an area of practice in which the lawyer routinely refers matters to other lawyers, without conspicuous identification of such fact;
(h) contains any paid testimonial about or endorsement of the lawyer, without conspicuous identification of the fact that payments has been made for the testimonial or endorsement;
(i) contains any simulated portrayal of a lawyer, client, victim, scene, or event without conspicuous identification of the fact that it is a simulation;
(j) provides an office address for an office staffed only part-time or by appointment only, without conspicuous identification of such fact; or
(k) states that legal services are available on a contingent or no-recovery-no-fee basis without stating conspicuously that the client may be responsible for costs or expenses, if that is the case.

Rule 7.2 Advertising

(a) Subject to the requirements of Rules 7.1 [Communication Concerning a Lawyer's Services] and 7.3 [Direct Contact with Prospective Clients], a lawyer may advertise services through written, recorded or electronic communication, including public media.
(b) A lawyer shall not give anything of value to a person for recommending the lawyer's services except that a lawyer may (1) pay the reasonable costs of advertisements or communications permitted by this Rule; (2) pay the usual charges of a legal service plan or a not-for-profit or qualified lawyer referral service. A qualified lawyer referral service is a lawyer referral service that has been approved by an appropriate regulatory authority; and (3) pay for a law practice in accordance with Rule 1.19 [Sale of a Law Practice].
(c) Any communication made pursuant to his rule shall include the name and office address of at least one lawyer or law firm responsible for its content.

Rule 8.5 Jurisdiction and Certification.

A lawyer who is not an active member in good standing of the State Bar of Montana and who seeks to practice in any state or federal court located in this State pro hac vice, by motion, or before being otherwise admitted to the practice of law in this State, shall, prior to engaging in the practice of law in this State, certify in writing and under oath to this Court that, except as to Rules 6.1 through 6.4 [the Rules on Public Service and Pro Bono], he or she will be bound by these Rules of Professional Conduct in his or her practice of law in this State and will be subject to the disciplinary authority of this State. A copy of said certification shall be mailed, contemporaneously, to the business offices of the State Bar of Montana in Helena, Montana.

A lawyer not admitted to practice in this State is subject to the disciplinary authority of this State for conduct that constitutes a violation of these Rules and that: (1) involves the practice of law in this State by that lawyer; or (2) involves that lawyer holding himself or herself out as practicing law in this State; or (3) advertises, solicits or offers legal services in this State; or (4) involves the practice of law in this State by another lawyer over whom this lawyer has the obligation of supervision or control.